OPINION OF THE COURT
Benjamin Altman, J.
Should a certified clinical social worker be exempt from jury duty as are others under the Judiciary Law?
Petitioner has applied, pro se, to this court for an order vacating a summons for her to serve as a juror in New York County for the period starting on September 26,1983, and for an order granting her an exemption from jury service.
The petitioner is duly licensed as a certified social worker in the State of New York and further certified by the New York State Department of Education — New York State Board of Social Work as a provider of clinical social work services.
Section 515 of the Judiciary Law provides that a person applying for an exemption from jury service may make such application to the commissioner of jurors and, if such application is not granted, may seek a review of such decision pursuant to CPLR article 78. The statute also provides that if one is called for jury service a claim for exemption may be made directly to the court at that time.
Section 518 of the Judiciary Law states “The court shall discharge a person from serving as a trial or a grand juror whenever it satisfactorily appears that he is not qualified or is disqualified or is exempt and he claims the benefit of the exemption.”
Section 512 of the Judiciary Law provides for exemption from jury service for a variety of persons. Included among *906 these are physicians, dentists, pharmacists, optometrists, psychologists, podiatrists, registered nurses, licensed practical nurses, orthotists, prosthetists and physical therapists (§ 512, subds 2, 8, 9). Certified social workers are not enumerated in the statute.
Petitioner contends that, although they are not enumerated in section 512 of the Judiciary Law, certified social workers who are engaged in the full-time practice of clinical social work (the diagnosis and treatment of mental and nervous conditions and psychosocial dysfunction, in accordance with clinical social work methods, within the scope of their license) are entitled to an exemption from jury service on two grounds — as a matter of public policy and as a matter of equal protection of laws.
The petitioner contends further that the statutory exemption from jury duty to various health care professionals has been established, as a matter of public policy, to exempt health care professionals from jury service because of the public’s need for them to be able to continually provide their professional services, for the public’s good and welfare.
It is true that clinical social workers are members of the health care team who are engaged in the diagnosis and treatment of mental and nervous disorders and of psychosocial dysfunction. More than half of the psychotherapy services rendered in the United States are rendered by clinical social workers. Clinical social workers represent the largest group of mental health practitioners practicing in agency and institutional settings, exceeding the number of psychiatrists, psychologists and psychiatric nurse practitioners who engage in full-time practice in such mental health programs.
In granting an exemption from jury duty to health care professionals, there is a weighing of two competing public needs, the need for a large and diverse group of citizens to serve on jury panels and the need to assure the continued health and welfare of the public. Given the overriding need for health care professionals to be available to provide their services for as much time as possible, various health care professionals have been granted an exemption from jury service.
*907 The petitioner conceded that, generally, a statute specifying certain professionals should be construed as the Legislature’s intent to include only those professionals. However, in the instant case, the clear intent of section 512 is to permit a jury exemption to those licensed health care professionals whose services are essential to the health and welfare of the community.
The statute provides for an exemption for physicians (which includes psychiatrists) and psychologists. Although psychiatrists can provide medical care in addition to providing nonmedical mental health services, it would seem that there is no other substantial difference in the mental health services provided by psychiatrists, clinical psychiatrists, clinical psychologists and clinical social workers. Members of each profession are authorized to obtain medical insurance reimbursement for the services they render in the diagnosis and treatment of mental and nervous disorders. Members of these three disciplines work together in mental health programs as part of the mental health services delivery team and also engage in the private practice of psychotherapy. In terms of their role as health care providers members of each of these disciplines are essential members of the health care team.
The statute does not limit itself to medical mental health practitioners (psychiatrists and psychiatric nurse practitioners); it also enumerates psychologists. Petitioner contends that to deny an exemption from jury service to a certified social worker who is providing essentially the same health care services as a psychologist (and except for the medical component, as a psychiatrist) is to deny that certified social worker, and the patients of the certified social worker, the equal protection of law, in violation of their rights under the Constitutions of the United States and of the State of New York.
Petitioner is employed, on a full-time basis, as director of social work services and training at the New York State Psychiatric Institute. She is responsible for the supervision of 35 certified social workers specializing in clinical social work at this facility. Her supervisees provide clinical social work services at the inpatient hospital, at two major outpatient clinics, and at several smaller clinics in the facility’s *908 catchment area. She is regularly called upon to provide consultation to her supervisees regarding difficult clinical situations, as the senior social work clinician at the facility. In addition, she is responsible for the supervision and direction of 16 clinical social workers in training and provides additional training in the provision of mental health services to psychiatrists and psychologists in training at the facility.
She is also engaged in the part-time practice of clinical social work in New York City. She provides, on the average, 7 to 11 hours of individual and family therapy each week, in addition to her work at Psychiatric Institute; she also provides clinical social work consultation and mental health services to unwed mothers through the Spence-Chapin Service to Families and Children.
Petitioner claims that if she were required to serve on a jury panel, her absence from the facility where she works would constitute a disruption of the services she provides and would impact on the mental health services offered by her department and to her patients.
After examining the facts herein, and examining the petitioner under oath and the thrust of the legislative intent in the afore-mentioned sections of the Judiciary Law (§§512, 515, 518) it would seem to this court that a certified social worker engaged in the full-time practice of clinical social work within the scope of her license should be exempt from jury duty. Such exemption should apply to this kind of clinical social worker as part of the health care professionals who tends to the public’s constant need and welfare.
This court is not indicating in any way that the statute is invalid as the petitioner contends. However, this court does urge the State Legislature to broaden its public policy so as to amend the statute adding the specified clinical social worker as exempt from jury duty. The original intent of the statute cries out for such an amendment.
The petitioner, Bobba Jean Moody, be and she is hereby granted an exemption, personal only to the petitioner, from jury service as long as the facts and circumstances set forth *909 in her application and in her affirmation and testimony remain substantially unchanged.